#### SYNNOTT v. TOMBSTONE CONSOL. MINES CO., Limited. et al.†

(Circuit Court of Appeals, Ninth Circuit. August 18, 1913.)

#### No. 2,263.

BANKRUPTCY (§ 463*)—REVIEW ON APPEAL—RECORD.

A decree of a district court, disallowing a claim in bankruptcy based on written instruments on the ground that they constituted a contingent liability, cannot be reviewed on appeal where the record does not disclose the terms, provisions, or conditions of such instruments.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 926; Dec. Dig. § 463.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the District of Arizona; Richard E. Sloan, Judge.

---

In the matter of the Tombstone Consolidated Mines Company, Limited, bankrupt, and another. On appeal from an order disallowing a claim filed by Thomas W. Synnott, individually and as attorney and agent for Alexander Sedgwick and Merrill K. Green. Affirmed.

Adams & Blinn and Amos L. Taylor, all of Boston, Mass., and Doan & Doan, of Douglas, Ariz., for appellant.

Everett E. Ellinwood and John M. Ross, both of Bisbee, Ariz., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. Upon the hearing and submission of this cause at the last term of the court, the appellant was given permission to bring up such portions of the record of the case in the court below as he claimed to be necessary to its proper disposition here. In response to that leave given there has been filed herein an affidavit of one of the attorneys for the appellant containing only matter wholly irrelevant to the case before this court. There has been no addition to the record made, nor any offer of any portion of the record in the court below. We must therefore dispose of the matter upon the record here as we find it.

It appears therefrom that the appellant, on the 8th day of August, 1912, filed with the referee in bankruptcy, on behalf of himself and others, a claim against the bankrupt based upon 461 special contract bonds of the face value of $439,055, with interest thereon from the several dates of the bonds, which claim the referee disallowed on the ground that the instrument constituted contingent and not fixed liabilities of the bankrupt; that the appellant thereupon petitioned for a review of that decision of the referee by the court below, which petition was granted; and that upon a hearing thereof the court took the same view of the bonds relied on by the appellant and affirmed the decision of the referee. It is from that decision of the court that the present appeal was taken.

While the record before us contains the "registered name," "serial Nos.," and "face value" of the bonds, it contains nothing whatever concerning the terms, provisions, or conditions of the bonds.

No error being shown, we must affirm the judgment.

Judgment affirmed.